

DEC 21 2023

Clerk, U.S. District Court
Texas Eastern

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

Case No. _____

CLINTON STRANGE,

*Plaintiff*

v.

MCAFEE LLC,

*Defendant*

_____/

**CIVIL ACTION COMPLAINT**

**FOR DAMAGES & INJUNCTIVE**

**RELIEF PURSUANT TO THE:**

Texas Harmful Access by Computer Act of 2015

**TEX. PENAL CODE ANN. § 33.02** *et. seq.*

~~~**JURY TRIAL DEMANDED**~~~

### NATURE OF SUIT:

1. This is an action brought by an adult individual plaintiff CLINTON STRANGE ("PLAINTIFF"), who is proceeding *pro se*, against the Anti-Virus Software giant MCAFEE, LLC, ("DEFENDANT" or "MCAFEE") for *alleged* violations of Texas Law.

### JURISDICTION & VENUE:

2. Jurisdiction primarily arises in this U.S. District Court under 28 U.S. Code § 1332 *Diversity of Citizenship* because there is amount in controversy (based on the aggregate relief sought) that far exceeds $75,000 between Plaintiff ( a Louisiana Resident), and Defendant McAfee LLC, a Delaware Limited Liability Company who has *no* Officers and or Directors in Louisiana.

3. Venue lies proper in this U.S. District because although Defendant (McAfee) is a Delaware Limited Liability Company with a principal place of business in San Jose, California; their nerve center regarding Marketing Activities is located in Collin County, Texas where their Executive Senior Vice President of Marketing resides pursuant to 28 U.S. Code § 1391.

## THE PARTIES:

4. Plaintiff CLINTON STRANGE is a "person" as that term is defined under Tex. Civ. Prac. & Rem. Code § 33.004 residing at the address of 7021 Winburn Drive, Greenwood, LA 71033.

5. Defendant McAfee LLC is a Delaware Limited Liability Company and a "person" as that term is defined under Tex. Civ. Prac. & Rem. Code § 33.004 principally headquartered in San Jose. California that maintains a Marketing Activities nerve center in Collin, County, Texas and an Executive Senior Vice President of Marketing here.

## FACTUAL ALLEGATIONS:

### McAfee Was Made Aware of the Affiliate Misconduct in February 2021

6. NeeP made McAfee aware of Affiliate ID No. 1494's misconduct in February 2021.

### Plaintiff was First Targeted in Cross-Channeled Communications in May 2022

7. Plaintiff received PayPal Account Alerts *Impersonation* "Email-to-Text" Messages on his Verizon Cellphone in 2022 that led to McAfee Aff ID No. 1494 URL links.

8. Plaintiff complained to McAfee regarding ScareWare "*Malvertisements*" prior to March 2023 linked to Affiliate ID No. 1494.

### McAfee & Plaintiff Agreement that Contain No Forward Looking Remedies *circa.* March 2023

9. Plaintiff & McAfee reached no agreement concerning forward-looking harm and or injury regarding Aff ID No. 1494 or 1079.

### High Profile Complaint to McAfee made by Jim Browning on Twitter "X" Platform (Sept. 2023)

10. In September 2023, Jim Browning alerted McAfee that Affiliate 1494 was conducting a malevolent viral malware campaign (malware advertisements – "*malvertisements*").

[See Below Figure A]

<u>Spam Email Transmitted to Plaintiff's Google Mail Account in *early* November 2023</u>

11. In November 2023, McAfee Affiliate No. 1494 transmitted a spam email that contained malicious links while acting in the course and or scope of its agency and or employment of McAfee.

12. Plaintiff promptly alerted McAfee's Deputy General Inside Counsel w/in 24-Hours via electronic mail with consent providing a copy of the email, and the associated URL Hyperlinks connecting McAfee and Affiliate No. 1494.

<u>Plaintiff Experiences Browser Interruption, Trespass to Chattel, Surreptitious Harmful Access</u>

13. While Plaintiff was browsing the internet in *late* November 2023, McAfee Affiliate No. 1494 unlawfully seized Plaintiff's desktop browser, collected information, and infected Plaintiff's desktop, and connected devices with a virus.

14. Plaintiff promptly alerted McAfee's Deputy General Inside Counsel w/in 24-Hours via electronic mail with consent providing a screen-capture of the pop-up, and the associated URL Hyperlinks connecting McAfee and Affiliate No. 1494.

## THE CAUSES OF ACTION:

### Cause of Action No. I
### Damages – Compensable & Exemplar
### Violations of the Texas Harmful Access by Computer Act (HACA)
### (Plaintiff v. McAfee)

15. Plaintiff incorporates all the foregoing paragraphs (Nos. 1-13) as though the same were set for herein at length.

16. The HACA provides a civil cause of action for "[a] person who is injured or whose property has been injured as a result of a violation under Chapter 33. The statute merely

requires that the access be without effective consent; it does not require injury. See *Section* 33.02(b).

17. Plaintiff, pursuant to his 7th Amendment Right seeks a Trial by Jury to Determine his Actual Damages under this Cause of Action, and that said jury would determine Plaintiff's Exemplar (Punitive) Damages under Tex. Civ. Prac. & Rem. Code § 41.003. See *Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 618 (Tex. App.—Waco 2000, *pet. denied*).

<div align="center">

**Cause of Action No. II**
**Injunctive Relief – Preliminary, Temporary, & Permanent**
**Violations of the Texas Harmful Access by Computer Act (HACA)**
**(Plaintiff v. McAfee)**

</div>

18. Plaintiff incorporates the foregoing paragraphs (Nos. 1-13) as though the same were set for herein at length.

19. The HACA provides for Injunctive Relief enjoining ongoing, and or future violations. Here, Plaintiff can show that since May 2022, McAfee acting by and through a *specific* Affiliate 1494 has harmed Plaintiff, and likely will continue to harm Plaintiff via cross-channeled illegal marketing methods which constitute prohibited marketing practices under Texas Law.

20. Because Plaintiff has (or can show) that he (since May of 2022) (and other consumers) has/ have complained to McAfee since on or before March 2021 concerning these dubious and or unlawful business practices that the best remedy is for the Court to:

- Issue a Temporary Restraining Order Enjoining McAfee (and or their Marketing Affiliates) from future cross-channeling campaigns that: (1) involve spoofed Email-to-Text SMS Impersonation Campaigns; (2) spoofed origin / deceptive header email

campaigns; and (3) scare-ware viral "malvertisements" "pop-up" browser redirection campaigns.

- Issue a Permanent Restraining Order barring McAfee (either directly or via an Affiliate/Agent) from engaging in cross-channeling campaigns that: (1) involve spoofed Email-to-Text SMS Impersonation Campaigns; (2) spoofed origin / deceptive header email campaigns; and (3) scare-ware viral "malvertisements" "pop-up" browser redirection campaigns.

~~~**JURY TRIAL DEMANDED**~~~
**(As to All Issues So Triable)**

**WHEREFORE,** Plaintiff Clinton Strange seeks judgment in Plaintiff's favor and damages against Defendant McAfee LLC based on the following requested relief:

- Entitlement to Compensatory Damages to be Determined by a Jury under Count I;
- Entitlement to Exemplar Damages to be Determined by a Jury under Count I;
- Entitlement to Preliminary / Temporary Relief Enjoining Violations under Count II;
- Entitlement to Permanent Injunctive Relief Enjoining Violations under Count II;
- Post Judgment Interest Allowable under 28 U.S. Code § 1961;
- Recovery of all allowable Costs of Litigation, Travel (Interstate Mileage), Meals & Lodging, Printing, Process Server Fees, Filing Fees to the Clerk;
- , and such other and or further relief the Court deems necessary, just and or proper.

Respectfully, Submitted,

X _____  12-21-2023
Clinton Strange                Dated
*Pro Se*
7021 Winburn Drive
Greenwood, LA 71033
(318) 423-5057
StrangeC982@gmail.com